UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

v.

MARQUECE L. HART,

        Defendant.

Case No. 16-CR-5-PP

---

**DECISION AND ORDER ADOPTING MAGISTRATE JOSEPH'S REPORT AND RECOMMENDATION (DKT. NO. 29) AND DENYING DEFENDANT'S MOTION TO SUPPRESS**

---

On January 5, 2016, defendant Hart was indicted by a federal grand jury for one count of being a felon in possession of a firearm. Dkt. No. 1. On February 12, 2016, the defendant filed a motion to suppress the evidence seized during a search of 10543 Wabash Avenue in Milwaukee—a search conducted pursuant to a warrant. Dkt. No. 16. The defendant argued that the affidavit supporting the warrant application did not establish probable cause because the information in it was stale and because the affidavit contained unverified information. Dkt. Nos. 18. The government disagreed. Dkt. No. 22.

On April 5, 2016, Magistrate Judge Nancy Joseph issued a report and recommendation. Dkt. No. 29. Judge Joseph found the defendant's arguments unpersuasive, and recommended that this court deny the defendant's motion to suppress. Id.

1

The court has reviewed Judge Joseph's April 5, 2016 report and recommendation (in particular, pages three through eleven). With regard to the defendant's staleness argument, Judge Joseph points to record evidence indicating a history of drug involvement by the defendant. While it is true that some of that evidence dated back as far as a year prior to the date on which the warrant was issued (December 4, 2015), some of it was as recent as two weeks prior to the issuance of the warrant. The search warrant was issued, not by the federal court, but by a Milwaukee County Court Commissioner, in connection with allegations that the defendant had been involved in an on-going drug conspiracy. Given the nature of the offenses being investigated, the fact that the information spans a relatively long time period prior to the issuance of the warrant is not surprising.

Judge Joseph agreed with the defendant that some of the information in the affidavit was not very detailed. She indicated, however, that a judicial officer must look at the totality of the information in the affidavit in order to determine whether it states sufficient probable cause. Judge Joseph determined that the totality of the information did demonstrate probable cause; this court agrees.

With regard to the defendant's argument that the information in the affidavit is not supported by verifiable information, the defendant specifically argued that information provided by certain informants was not detailed, and was not corroborated by the law enforcement officers who collected the information. Judge Joseph agreed that the affiant had indicated that the

2

informant information was "verified through alternative investigation methods," but hadn't explained what those methods were. Again, however, Judge Joseph looked to the totality of the information in the affidavit, and found the information consistent—more than one informant provided the same information in several instances. She concluded that the fact that the informants were people who themselves were either under indictment, or were cooperating in order to avoid criminal penalties, did not in itself render their information unreliable. She pointed out that the informants' statements incriminated themselves as well as others.

The defendant argued that the information in the affidavit did not establish a nexus between the allegations of drug dealing and the residence that was searched (the defendant's home). He argued that the affidavit did not indicate that any drug deals occurred at his residence; that none of the informants claimed to have been in his residence, and that no law enforcement indicated that they'd seen evidence of criminal activity at his residence. Judge Joseph agreed, and found that the affidavit did not establish probable cause for the Commissioner to conclude that there would be evidence of drug dealing at the defendant's residence.

Judge Joseph concluded, however, that the good faith exception to the warrant requirement applied. She disagreed with the defendant that the warrant was so deficient that any reasonably well-trained officer would have known that it did not state probable cause. She also noted that the

3

Commissioner found probable cause, and that the executing officers could not have been expected to question that determination.

The court agrees with Judge Joseph's conclusions, and with her recommendation. For these reasons, the court adopts Judge Joseph's report and recommendation in whole, and incorporates his conclusions and the reasoning supporting those conclusions into this order.

The court **ORDERS** that the defendant's February 12, 2016 motion to suppress evidence is **DENIED**. (Dkt. No. 16)

Dated in Milwaukee, Wisconsin this 21st day of April, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge